IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
Eastern Division

| | |
|---|---|
| WILLIAM HUTTON,<br><br>Plaintiffs,<br><br>vs.<br><br>PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Corporation, CIGNA CORPORATION, a Delaware Corporation, CIGNA HEALTHCARE, CIGNA HEALTH CORPORATION, a Delaware Corporation, CONNECTICUT GENERAL LIFE INSURANCE COMPANY, PRUDENTIAL ADMINISTRATIVE COMMITTEE, PRUDENTIAL INVESTMENT OVERSIGHT COMMITTEE, and DOES 1-50,<br><br>Defendants. | CASE #: 05-140<br><br>COMPLAINT |

Plaintiff, William Hutton (hereinafter Hutton), for his cause of action, states and alleges as follows:

## NATURE OF CASE

1.  This is an action brought by Hutton under the Employee Retirement Income Security Act of 1974 (hereinafter ERISA). Hutton is a Plan participant of the Prudential Welfare Benefits Plan (hereinafter Plan). This case arises out of Prudential Insurance Company of America's (hereinafter Prudential) and their agents' (CIGNA Corporation, CIGNA HealthCare, CIGNA Health Corporation, and / or Connecticut General Life Insurance Company, hereinafter collectively referred to as CIGNA) failure

-1-

to properly meet the commitments made under the Plan. Additionally, the Plan fiduciaries have breached their duties as to Hutton.

## JURISDICTION AND VENUE

2. This action arises under the laws of the United States, 29 U.S.C. §1001 et seq. (ERISA §1 et seq.). Pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132 jurisdiction is conferred on this Court.

3. Plaintiff resides in Muscatine, Iowa and was informed of Defendants' failure at his residence. Defendants' breach of the Plan, therefore, occurred in Muscatine, Muscatine County, Iowa, which is located in this district. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and 29 U.S.C. §1001 et seq.

## PARTIES

4. Hutton, is and was, at all times relevant to this cause of action, a resident of Muscatine County, Iowa.

5. Based on information and belief, defendant, Prudential is incorporated in the state of New Jersey.

6. Based on information and belief, a principal place of business of defendant, Prudential, is in the state of Iowa.

7. Based on information and belief, defendant, Prudential has multiple business locations in the state of Iowa.

8. Based on information and belief, defendants, CIGNA Corporation, CIGNA HealthCare, CIGNA Health Corporation, Connecticut General Life Insurance Company are related entities and will be referred to hereinafter collectively as CIGNA.

-3-

9. Based on information and belief, "CIGNA HealthCare" refers to various operating subsidiaries of CIGNA Corporation. Products and services are provided by these subsidiaries and not by CIGNA Corporation. These subsidiaries include Connecticut General Life Insurance Company, Tel-Drug, Inc. and its affiliates, CIGNA Behavioral Health, Inc., Intracorp, and HMO or service company subsidiaries of CIGNA Health Corporation and CIGNA Dental Health, Inc.

10. Based on information and belief, defendant, CIGNA is incorporated in the state of Delaware.

11. Based on information and belief, a principal place of business of defendant, CIGNA, is in the state of Iowa.

12. Based on information and belief, defendant, CIGNA has multiple business locations in the state of Iowa.

13. Based on information and belief, defendant, CIGNA is a Plan Fiduciary.

14. Based on information and belief, defendant, Prudential Administrative Committee is an ERISA §402(a)(2) Named Fiduciary and the Plan Administrator in accordance with the Plan document paragraph 3.1(c).

15. Based on information and belief, defendant, Prudential Investment Oversight Committee is an ERISA §402(a)(2) Named Fiduciary in accordance with the Plan document paragraph 3.1(e).

16. Based on information and belief, there may be other persons or entities that are also Plan Fiduciaries. Such persons and/or entities are joined as defendants in this action, referenced for convenience by the fictitious designation of DOES 1 through

50. If the existence of such unknown persons or entities, if any, should be discovered during the pendency of this action, Hutton will move to add them as named parties.

## STATEMENT OF FACTS
## INCLUDING ADMINSTRATIVE PREREQUISITES

17.   Hutton was employed by Defendant, Prudential with his principal office located at 101 W. Mississippi Drive, Suite 508, P.O. Box 287, Muscatine, Iowa 52761 at all times relevant to this suit.

18.   Hutton was enrolled in the Prudential Welfare Benefits Plan while employed by defendant, Prudential at all relevant times to this suit.

19.   On or about July 2003, Plaintiff's doctor recommended certain medical procedures for Plaintiff to undergo.

20.   After Plaintiff's doctor recommended certain medical procedures but prior to November 24, 2003, Plaintiff submitted requests to Defendants for pre-approval of the aforementioned procedures.

21.   After Hutton's doctor recommended certain medical procedures but prior to November 24, 2003, Defendants approved the request for aforementioned procedures and agreed to pay for services.

22.   On or about the November 24, 2003, Hutton underwent back surgery at the Mayo Clinic in Rochester, Minnesota.

23.   Subsequent to November 24, 2003, medical providers, including Mayo Clinic, submitted bills to CIGNA for payment.

24.   Subsequent to November 24, 2003, CIGNA has made only partial payment on the aforementioned procedures contrary to its promise and Plan obligations.

-5-

25. On or about June 22, 2004, Hutton was informed of Defendants' denial of part of the medical claim for the aforementioned procedure.

26. On or about June 23, 2004, Hutton appealed to CIGNA, in accordance with the Summary Plan Description, the non-payment of the outstanding medical bills.

27. On or about July 23, 2004, Defendants informed Hutton that the first level appeal was denied.

28. On or about August 10, 2004, Hutton appealed to CIGNA, in accordance with the Summary Plan Description, the non-payment of the outstanding medical bills using the second level appeal process.

29. On or about October 2, 2004, Defendants informed Hutton that the second level appeal was denied.

30. Medical providers are now trying to collect on overdue bills from Hutton.

31. Hutton has exhausted Defendants' administrative appeal processes.

32. As of today there remains an outstanding balance on this pre-approved medical procedure which defendants refuse to pay.

33. Defendants are fiduciaries of the Plan.

34. Defendants wrongfully breached their fiduciary duties.

35. Defendants are liable to Hutton.

36. Defendants have acted in bad faith in that they pre-approved a procedure and now refuse to pay for it.

WHEREFORE, Plaintiff, Hutton demands judgment against Defendants for:

   a) Recovery of benefits due under the terms of the Plan;

   b) Prejudgment interest;

c) Attorneys fees;

d) Costs of this action;

e) Applicable penalties;

and

f) Any such further relief as this court deems proper in these circumstances.

DATED this 22 day of November, 2005

DAY RETTIG PEIFFER, P.C.

By: _____
Kraig M. Paulsen, LI0019225
Joseph E. Day, LI0001143
150 First Ave., N.E. Suite 415
P.O. Box 2877
Cedar Rapids, IA 52406-2877
Telephone: (319)365-0437
Facsimile:  (319)365-5866
Email: kraig@drpjlaw.com
Email: jday@drpjlaw.com
ATTORNEYS FOR PLAINTIFF